#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLORADO
#### Judge Robert E. Blackburn

Civil Action No. 08-cv-02048-REB-KLM

(Consolidated with Civil Action Nos. 08-cv-02055-REB-KLM, 08-cv-02078-REB-KLM, 08-cv-02267-REB-KLM, 08-cv-02420-REB-KLM, and 08-cv-02603-REB-KLM)

In re SPECTRANETICS CORPORATION SECURITIES LITIGATION

### ORDER OF DISMISSAL AND FOR ENTRY OF JUDGMENT

**Blackburn, J.**

This matter is before the Court on the **Unopposed motion for Final Approval of the Proposed Settlement, Plan of Allocation, and Final Certification of Class and Memorandum in Support Thereof** [#167][1] filed November 1, 2010.  The lead plaintiffs filed a supplement [#172] to the motion on December 21, 2010.  This matter came on for hearing on January 21, 2011, on the application of the Settling Class Action Plaintiff and the Settling Class Action Defendants for approval of the Settlement set forth in the **Stipulation of Settlement** [#148] (the "Stipulation") dated as of September 7, 2010. Due and adequate notice having been given to the Settlement  Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the entire record in the Class Action, and good cause appearing,

### IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

---

[1] [#167] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

1. The Court, for purposes of this **Order of Dismissal and for Entry of Judgment** (the "Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Class Action, the Settling Class Action Plaintiff, the Settlement Class, and the Settling Class Action Defendants.

3. This Court has certified, for settlement purposes only, a Settlement Class of all Persons (except Settling Class Action Defendants and their corporate affiliates, any officers or directors of Spectranetics, and members of their immediate families, and their heirs, successors, and assigns, and any Person who timely and validly requests exclusion from the Settlement Class pursuant to the Stipulation) who purchased or otherwise acquired the publicly traded common stock of Spectranetics during the Settlement Class Period. *Order Preliminarily Approving Settlement and Approving Form and Manner of Notice* [#152] filed September 13, 2010, ¶ 2.

4. The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action, Proof of Claim and Release, and distribution of the Summary Notice of Proposed Settlement (as provided for in the Order Preliminarily Approving Settlement and Approving the Form and Manner of Notice (the "Notice Order")) constituted the best notice practicable under the circumstances to apprise all Settlement Class Members of the pendency of the Class Action, the terms of the proposed Settlement of the Class Action and their rights with respect to the foregoing, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Stipulation. The Court finds that the provision of notice to Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, federal law, due process, the United States Constitution, and any other applicable law.

5. The Court finds that all Settlement Class Members have been adequately provided with an opportunity to remove themselves from the Settlement Class by executing and returning a "request for exclusion" in conformance with the terms of the Stipulation and its exhibits. The Court further finds that those persons (identified in Exhibit 1 hereto) have timely and validly requested exclusion from the Settlement Class and are not bound by the Stipulation, Notice Order, this Judgment and Order of Dismissal, or any Released Claims by Settling Class Action Plaintiff.

6.  The Court finds and concludes with respect to the Settlement Class that (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Class Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Settling Class Action Plaintiff are typical of the claims of the Settlement Class; (d) the Settling Class Action Plaintiff and Settling Class Action Plaintiff's Counsel have, at all times, fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Class Action. Except to effectuate the Settlement, neither the Settlement Class Action Parties, their respective counsel, nor any Settlement Class Member shall cite, present as evidence or legal precedent, rely upon, make reference to or otherwise make any use whatsoever of

the stipulated certification of the Settlement Class, in this Class Action or in any other proceeding.

7. The Court approves the Settlement of the above-captioned action, as set forth in the Stipulation, including the releases contained therein, and all other terms, as fair, reasonable, and adequate to the Settlement Class. The Settling Class Action Parties are directed to perform in accordance with the terms set forth in the Stipulation.

8. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), the Class Action and all claims contained therein, as well as all of the Released Claims by Settling Class Action Plaintiff, are dismissed with prejudice as to the Settling Class Action Plaintiff and the Settlement Class, and as against the Released Class Action Defendants. The Settling Class Action Parties are to bear their own costs, except as otherwise provided in the Stipulation. By operation of the Judgment in this case and under the terms of the Stipulation and the releases therein, this **Order of Dismissal and for Entry of Judgment** is intended to preclude, and shall preclude, the Settling Class Action Plaintiff and all other Settlement Class Members (which does not include purported Settlement Class Members who have validly and timely requested exclusion from the Settlement Class) from filing or pursuing any Released Claims by Settling Class Action Plaintiff under any federal, state or other law.

9. On the Effective Date, the Settling Class Action Plaintiff shall release, relinquish and discharge, and each of the Settlement Class Members (other than those purported Settlement Class Members who validly and timely request exclusion from this Settlement Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto) shall be deemed to have, and by operation of this Judgment

shall have, fully, finally, and forever released, relinquished and discharged each and all of the Released Class Action Defendants from all Released Claims by Settling Class Action Plaintiff (including "Unknown Claims"), and from all claims (including "Unknown Claims"), arising out of, relating to, or in connection with the defense, or resolution of the Class Action or the Released Claims by Settling Class Action Plaintiff, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

10.  For purposes of this **Order of Dismissal and for Entry of Judgment**, "Unknown Claims" shall mean any Released Claims by Settling Class Action Plaintiff which the Settling Class Action Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Class Action Defendants which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Class Action Defendants, or might have affected his, her or its decision not to object to, or opt out of, this Settlement. With respect to any and all Released Claims by Settling Class Action Plaintiff, the Settling Class Action Parties stipulate and agree that, upon the Effective Date, the Settling Class Action Plaintiff expressly waives and relinquishes, and the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settling Class Action Plaintiff expressly waives and the Settlement Class Members

shall be deemed to have waived, and upon the Effective Date and by operation of the Judgment shall have waived any and all provisions, rights and benefits conferred by any law of the United States or of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Settling Class Action Plaintiff and the Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims by Settling Class Action Plaintiff, but each of them hereby stipulate and agree that the Settling Class Action Plaintiff does settle and release, and each Settlement Class Member shall be deemed to have, and upon the Effective Date and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims by Settling Class Action Plaintiff, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, all Released Claims by Settling Class Action Plaintiff without regard to the subsequent discovery or existence of such different or additional facts. The Settling Class Action Parties acknowledge that the foregoing waiver was bargained for and a key element of the Settlement of which this release is a part.

     11. The Court permanently bars and enjoins (a) all Settlement Class Members (which does not include purported Settlement Class Members who have validly and timely requested exclusion from the Settlement Class) (and their heirs, executors and administrators, predecessors, successors, affiliates, and assigns) from filing, commencing, prosecuting, intervening in, participating in (as class members or

otherwise), or receiving any benefits from, any other lawsuit, arbitration, or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any Released Claims by Settling Class Action Plaintiff; and (b) all persons or entities from organizing any Settlement Class Members for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon, arises out of, or relates to any Released Claims by Settling Class Action Plaintiff.

12. On the Effective Date, each of the Settling Class Action Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Settling Class Action Plaintiff, the Settlement Class Members (which excludes those Settlement Class Members who have validly and timely requested exclusion from this Settlement Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto and counsel for such Settlement Class Members who have validly and timely requested exclusion from this Settlement Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto), and Settling Class Action Plaintiff's Counsel from any claims (including "Unknown Claims") arising out of, relating to, or in connection with the commencement, prosecution, assertion or resolution of the Class Action or the Released Claims by Settling Class Action Defendants. Claims for violation of the Stipulation (including any exhibits) are preserved.

13. Only those Settlement Class Members filing valid and timely Proofs of Claim and Release shall be entitled to participate in the Settlement and receive a distribution from the Settlement Consideration unless otherwise ordered by the Court. The Proof of

Claim and Release to be executed by the Settlement Class Members shall further release all Released Claims by Settling Class Action Plaintiff against the Released Class Action Defendants. All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release.

14. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution, equitable indemnification, or subrogation arising out of any the Released Claims by the Settling Class Action Plaintiff are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, any Person is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Settling Class Action Defendants any such claim, and each and every Settling Class Action Defendant is hereby permanently enjoined from commencing, prosecuting, or asserting any such claim against any Person. For the avoidance of doubt, other than those claims arising out of the prosecution of the Class Action which are released herein, nothing contained herein shall affect the direct claims for contribution, equitable indemnification or subrogation between or among Spectranetics and the Individual Defendants in connection with the investigation by the United States Attorney's Office for the District of Colorado, the United States Food & Drug Administration, and the United States Immigration & Customs Enforcement, or any direct claims between or among Spectranetics and the Individual Defendants including, by way of example, claims under any applicable indemnity agreement or undertaking agreement, or claims for breach of fiduciary duty, wrongful termination, breach of contract, tortious interference with contract, or infliction of emotional distress. Nothing in the Stipulation nor the fact that the Stipulation has

been executed shall be construed as an admission or concession by any party regarding the proper interpretation of any applicable indemnity agreement.

15. Nothing in this **Order of Dismissal and for Entry of Judgment** shall preclude any action to enforce the terms of the Stipulation.

16. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim by Settling Class Action Plaintiff, or of any wrongdoing or liability of the Settling Class Action Defendants; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Class Action Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) shall be offered in evidence by any person or entity for any purpose except as provided in this paragraph 16. Settling Class Action Parties may file the Stipulation and/or the Judgment from this Class Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction in support of any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Class Action Parties, their respective counsel or any other Settlement Class Member may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

17. The Court finds that the Class Action was filed against the Settling Class Action Defendants on a good faith basis and filed in accordance with the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil

Procedure based on all publicly available information. The Court finds that the Settling Class Action Parties and their counsel have complied with Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

18. The Plan of Allocation set forth in the Notice is hereby approved as fair, reasonable, and equitable.

19. Settling Class Action Plaintiff's Counsel are hereby awarded twenty-eight percent (28%) of the Settlement Consideration in fees, 2,380,000 dollars, for services rendered in connection with the prosecution of this litigation, and 77,684.31 dollars as reimbursement for expenses.

20. The Court reserves exclusive and continuing jurisdiction over the Class Action, the Settling Class Action Plaintiff, the Settlement Class and the Released Class Action Defendants for the purposes of supervising the distribution of the Settlement Consideration and any other matters.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Unopposed motion for Final Approval of the Proposed Settlement, Plan of Allocation, and Final Certification of Class and Memorandum in Support Thereof** [#167] filed November 1, 2010, is **GRANTED**;

2. That except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), the Class Action and all claims contained therein, as well as all of the Released Claims by Settling Class Action Plaintiff, **ARE DISMISSED** with prejudice as to the Settling Class Action Plaintiff and the Settlement Class, and as against the Released Class Action Defendants;

3. That **JUDGMENT SHALL ENTER**:

    a. Approving the settlement set forth in the **Stipulation of Settlement** [#148] filed September 7, 2010;

    b. Directing the Settling Class Action Parties to perform in accordance with the terms set forth in the **Stipulation of Settlement** [#148] filed September 7, 2010, and in accordance with the terms of this **Order of Dismissal and for Entry of Judgment**;

    c. Dismissing with prejudice this Class Action and all claims contained therein, including the Released Claims of the Settling Class Action Plaintiff and the Settlement Class asserted against the Released Class Action Defendants; and

    d. Awarding Settling Class Action Plaintiff's Counsel twenty-eight percent (28%) of the Settlement Consideration in fees, 2,380,000 dollars, for services rendered in connection with the prosecution of this litigation;

    e. Awarding Settling Class Action Plaintiff's Counsel 77,684.31 dollars as reimbursement for expenses;

    f. Directing that the Settling Class Action Parties are to bear their own costs, except as otherwise provided in the Stipulation and this **Order of Dismissal and for Entry of Judgment**; and

4. That these consolidated cases are **CLOSED**.

Dated April 4, 2011, at Denver, Colorado.

                                                  **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

11

EXHIBIT 1

IN RE SPECTRANETICS CORP. SECURITIES LITIGATION
08-CV-02048

EXCLUSIONS

1. Marshall W. Vagle & Jennifer L. Vagle (as joint tenants);

2. Forrester Financial, LLC; and

3. Ted Karkus.